**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OCTO PAULUS HENDRIK MISSA; SELVI AMELIA MISSA,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-71705<br><br>Agency Nos.     A093-396-948<br>                          A093-396-949<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Octo Paulus Hendrik Missa and Selvi Amelia Missa, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

application for asylum and withholding of removal.  Our jurisdiction is governed

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252.  We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that the petitioners' experiences in Indonesia do not rise to the level of past persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (persecution is an "extreme concept [which] does not include every sort of treatment our society regards as offensive.") (internal quotations omitted).  Substantial evidence also supports the BIA's finding regarding future fear, because even under a disfavored group analysis, petitioners failed to show sufficient individualized risk to establish a well-founded fear of future persecution.  *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009).  Thus, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, their withholding of removal claim necessarily fails.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, we lack jurisdiction to consider any contention regarding relief under the Convention Against Torture, because petitioners did not raise it before the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

12-71705